**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | |
|---|---|
| DAVID SENEFF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )        Case Number:  10-3048 |
| | ) |
| FOCUS RECEIVABLES MANAGEMENT, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

### INTRODUCTION

1.      Plaintiff David Seneff brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Focus Receivables Management, LLC ("Lowery"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2.       The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information.  15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### VENUE AND JURISDICTION

3.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28  U.S.C. §1331 and 28 U.S.C. §1337.

4.      Venue and personal jurisdiction in this District are proper because:

a.      Defendant's collection communications were received by plaintiff within this District;

b.      Defendant does or transacts business within this District.

### PARTIES

5.      Plaintiff David Seneff  is an individual who resides in Springfield, Illinois.

1

6.     Defendant is a limited liability company organized under Georgia law with principal offices at 1130 Northchase Parkway, Suite 150, Marietta, GA 30067.  It does business in Illinois.  Its registered agent and office is Lexis Document Services, Inc., 801 Adlai Stevenson Drive, Springfield, IL 62703.

7.     Focus Receivables Management, LLC is engaged in the business of using the mails and telephone to collect consumer debts originally owed to others.

8.     Focus Receivables Management, LLC is a debt collector as defined in the FDCPA.

## FACTS

9.     Focus Receivables Management, LLC has been attempting to collect from plaintiff an alleged credit card debt incurred for personal, family or household purposes and not for business purposes.

10.     On multiple occasions during November 2009-February 2010, representatives of Focus Receivables Management, LLC called plaintiff's father and left messages similar to the following:

> **This is Patricia Green calling for David Seneff.  I need an immediate return call at 1-866-664-2513 extension 2208.**

11.     Defendant left pre-recorded messages similar to the following on plaintiff's voicemail on or about February 2, 2010 and February 3, 2010:

> **[in reference] ... to an important business matter. Please return the call to 1-866-664-2513. Again, the number is 1-866-664-2513. Our regular business hours are Monday through Thursday, 8.30 a.m. to 9.00 p.m. and Friday 8.30 a.m. to 5.30 p.m. Again, the number is 1-866-664-2513.**

12.     Plaintiff was harassed and damaged by these communications.

## COUNT I – FDCPA

13.     Plaintiff incorporates paragraphs 1-12.

14.     All of the calls to plaintiff's father concerning plaintiff's alleged debt are improper third- party communications that violate 15 U.S.C. §1692c.

2

15.     The FDCPA strictly prohibits the leaving of messages with friends, neighbors and relatives of the putative debtor.

16.     Section 1692c provides:

> **§ 1692c.      Communication in connection with debt collection [Section 805 of P.L.]**
>
> **. . . (b) Communication with third parties--Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector. . . .**
>
> **(d) Definitions--For the purpose of this section, the term "consumer" includes the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator.**

17.     Plaintiff is of legal age.

18.     Defendant's telephone messages to plaintiff violated 15 U.S.C. §§1692e and 1692e(11), as well as 15 U.S.C. §1692d(6).

19.     Each telephone message was a "communication" within the meaning of 15 U.S.C. §§1692d(6) and 1692e. *Foti v. NCO Financial Systems*, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); *Joseph v. J. J. MacIntyre Cos.*, 281 F.Supp.2d 1156 (N.D.Cal. 2003); *Stinson v. Asset Acceptance, LLC,* 1:05cv1026, 2006 WL 1647134, 2006 U.S. Dist. LEXIS 42266 (E.D. Va., June 12, 2006); *Belin v. Litton Loan Servicing, LP,* 8:06-cv-760-T-24 EAJ, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006).

20.     The telephone messages violate 15 U.S.C. §1692d(6) and 15 U.S.C. §§1692e and  1692e(11) because:

a.      The messages do not contain the warning required by 15 U.S.C. §1692e(11).

b.      The  messages did not identify defendant.

3

21.     15 U.S.C. §1692d(6) makes it unlawful for a debt collector to engage in the following conduct: "Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity."

22.     Section 1692e provides:

**§ 1692e.        False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action. . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiff  and against defendant for:

(1)     Statutory damages;

(2)     Actual damages;

(3)     Attorney's fees, litigation expenses and costs of suit;

(4)     Such other and further relief as the Court deems proper.

s/Daniel A. Edelman

Daniel A. Edelman
Michelle R. Teggelaar
EDELMAN, COMBS, LATTURNER
        & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\24121\Pleading\Complaint_Pleading.wpd

## **VERIFICATION**

I, David Seneff, state under penalty of perjury, as provided for by 28 U.S.C. 1746, that the facts stated in this complaint are true to the best of my knowledge and recollection.

_____
David Seneff

## <u>NOTICE OF LIEN AND ASSIGNMENT</u>

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.   All rights relating to attorney's fees have been assigned to counsel.


<u>s/Daniel A. Edelman</u>


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
        & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

6